WILLIAM REECE, appellant, *v.* WILLIAM H. ALLEN, Administrator of James Mason, deceased, appellee.

*Appeal from Madison.*

An officer, before whom proof of a deed was made, certified thus : "'This day personally appeared," &c., "Samuel L. McGill, a subscribing witness to the within deed (who was to me made known hy the oath of Isaac Prickett, a credible witness,) and who being by me, the same justice, duly sworn," &c. On the deed being offered in evidence, objection was made that it did not sufficiently appear that the person, by whose testimony the proof was made, was a subscribing witness: *Held,* that it sufficiently appeared that he was a subscribing witness.

The grantee of a trustee is not bound to show that the conditions of the trust deed have been complied with by the trustee. The deed conveys the legal title to the estate.

A Court of Law may investigate some questions of fraud, and, when proved, treat a deed as a nullity ; but in general, it will not go behind the naked legal title, and inquire into the equities. Even in case of a naked trustee, a trustee may recover in ejectment against the *cestui que trust*.

EJECTMENT, in the Madison Circuit Court, brought by the appellee against the appellant and others, and heard before the Hon. Gustavus P. Koerner.

At the March term, 1848, the plaintiff dismissed his suit as to all but William Reece, and a jury was called, who ren-

dered a verdict in favor of the plaintiff. The defendant filed a bill of exceptions, and entered an appeal.

*G. Trumbull,* for the appellant, contended

1. That the acknowldgment was not sufficient in law. Rev. Stat. 107; *Job* v. *Tebbetts,* 4 Gilm. 148.

2. That when a power is prescribed by a particular method, it should be pursued. 4 Kent's Com. 148; Sugd. on Vendors, 87; *Hawkins* v. *Kemp,* 3 East, 440, 443; 3 Burrow, 1446; Doug. 28; 4 Peters' Cond. R. 396.

3. That the appellee must show a legal title, in order to recover in ejectment. *Hulick* v. *Scovil,* 4 Gilm. 172; 2 Greenl. Ev. 251, 267; Adams on Eject. 285.

*H. W. Billings & L. Parsons, Jr.,* for the appellee.

1. The proof of the execution of the deed from Daniel Reece to John F. Darby was sufficient. Rev. Stat. Ch. 24, § 20; *Job* v. *Tebbetts,* 4 Gilm. 152; *Delaunay* v. *Burnett,* ib. 489.

2. A deed by a trustee conveys an absolute title in a Court of Law, and the vendee need not show that the conditions of the trust have been complied with. *Taylor* v. *King,* 6 Munf. 366; *Harris* v. *Harris,* ib. 367; *Ringgold* v. *Ringgold,* 1 Harris & Gill. 26, 27; *Jackson* v. *Davenport,* 20 Johns. 548; *Minuse* v. *Cox,* 5 Johns. Ch. R. 446; Hilliard's Abr. 233, § 22; Hill on Trustees, 275, 188, 478.

3. An equitable title cannot be set up in an action of ejectment in opposition to the legal estate. *Jackson* v. *Pierce,* 2 Johns. 226; *Same* v. *Chase,* ib. 85.

4. Sales made by trustees can only be avoided in Chancery. *Davoue* v. *Fanning,* 2 Johns. Ch. R. 257, 265; *Jackson* v. *Van Dalfsen,* 5 Johns. 46; *Wilson* v. *Troup,* 2 Cowen, 203, 211; *Thorp* v. *McCullum,* 1 Gilm. 627; *Jackson* v. *Walsh,* 14 Johns. 414; *Taylor* v. *King,* 6 Munf. 366; *Beach* v. *Beach,* 14 Verm. 28.

5. No one but the *cestui que trust* has a right to call in question, or set aside a purchase made by the trustee.

*Wilson* v. *Troup,* 2 Cowen, 238; *Greenleaf* v. *Queen,* 1 Peters, 145.

A trustee may recover in ejectment against his *cestui que trust.* *Beach* v. *Beach,* 14 Verm. 28.

6. When a person is bound to do a certain act, the omission of which would be a culpable neglect of duty, the performance of it will be presumed, unless the contrary is proved. *Hartwell* v. *Root,* 19 Johns. 346; *Jackson* v. *Shaffer,* 11 do. 516; *Williams* v. *East India Comp.,* 3 East, 199; *The King* v. *Hawkins,* 10 do. 216.

The Opinion of the Court was delivered by

CATON, J.* ·There are three questions in this record, which demand our consideration, and the first is, whether the deed from Daniel Reece to John F. Darby was properly proved. The officer before whom this proof was made certifies: "This day personally appeared," &c., "Samuel L. McGill, a subscribing witness to the within deed, (who was to me made known by the oath of Isaac Prickett, a credible witness,) and who being by me, the said justice, duly sworn," &c. The objection is, that it does not sufficiently appear that the person by whose testimony the proof was made, was a subscribing witness to the deed. When proof is made by a subscribing witness, the statute requires that "the judge or officer shall ascertain that the person who offers to prove the same, is a subscribing witness, either from his own knowledge or from the testimony of a credible witness." According to the decision of this Court in the case of *Job* v. *Tebbetts,* 4 Gilm. 152, upon the proof taken before Edward Hurst, we think it sufficiently appears, that Samuel L. McGill was a subscribing witness, from the testimony of a credible witness. In that case, the words used in the certificate are the same as here, except that it stated, "with whom I am personally acquainted," instead of "who was to me made known by the oath of Isaac Prickett, a credible

---

*TRUMBULL, J., having been of counsel, took no part in the decision.

witness." There are two ways in which we may be satis-
fied that the person proving the execution of the deed is a
subscribing witness. One is by the personal acquaintance
or knowledge of the officer who took the proof, and the other
is by the oath of a credible witness. The one is as satisfac-
tory as the other, and as legal a mode of identification. We
should be at a loss to assign a reason for holding one certifi-
cate good and another bad, which are identical in terms,
except as to the mode of identifying the subscribing witness,
where both modes are equally legal. The proof of that
deed was sufficient.

The next question is, whether the instrument referred to
is a mortgage or a trust deed, and we are of opinion that it is
the latter, and conveyed the absolute legal title to the trustee.
It is unnecessary to quote authorities to show, that in con-
struing deeds as well as other written instruments, it should
be a primary object with the Courts to ascertain from the
face of the paper, the real intention of the parties, and to
give effect to the instrument accordingly. In the introduc-
tory part of this deed, the grantee is described as John F.
Darby, "as trustee of Richard H. McGill of," &c. The
deed then recites, that on a previous day the grantor had
executed a deed for the same premises to McGill to secure
the payment of one thousand dollars, and that "from the
terms and tenor of said deed, it is considered that the same
only amounted to a mortgage, which would require the same
to be foreclosed in obedience to law, to pay and satisfy the
amount due, when in truth and in fact, such was not the in-
tention of the parties to said deed, but the parties thereto
had intended to make a deed of trust of the premises de-
scribed in said deed, giving and granting to the trustee, full
power and authority to sell and convey the lands, tenements
and hereditaments, as properly mentioned in said deed, with-
out any authority or order of Court. Now, therefore," &c.
The deed then recites an indebtedness from the grantor to
McGill of one thousand dollars; and that for the purpose of
securing the prompt payment on a particular day, grants,
&c., to Darby, trustee as aforesaid, and to his heirs and as-

signs, in absolute fee simple.   After the *habendum*, follows the declaration of trust, which repeats the indebtedness, and then proceeds: "Now, if the said Daniel Reece, or any person for him, shall on the said first day of January, 1834, pay, up the full amount of the said sum of one thousand dollars to the said Richard H. McGill, then *his* this deed shall be null and void, and of no effect, and he the said John F. Darby, trustee as aforesaid, his executors or administrators, shall on the reasonable request and at the proper costs and charges—Daniel Reece, re-convey," &c., but if any part of the said sum of money shall remain unpaid at the time aforesaid, the deed provides that the said Darby shall, on giving notice, sell the premises at the Court House at public auction for cash, and make an absolute deed of conveyance to the purchaser, vesting in him an absolute title, and then directs a disposition of the money.

Although there is one expression in this deed characteristic of a mortgage, yet the intention of the parties is so manifest not to make a mortgage, but to convey the legal title upon a declared trust, that no room is left for doubt as to the true character of the conveyance.   To refer to the various expressions in the deed evincing such intention is quite unnecessary.   We cannot hold this to be a mortgage, without saying that the manifest and clearly expressed intention of the parties shall cease to be the rule of construction.

The only remaining question is whether the grantee of the trustee, was bound to show that the conditions of the trust deed had been complied with.   This precise question was decided by the Supreme Court of Appeals of Virginia, in the case of *Taylor* v. *King*, 6 Munf. 358; and also, in *Harris* v. *Harris*, ib. 367.   Indeed, in the former case the Court went further, and decided that the grantee of the trustee should recover in ejectment, although the jury had specially found that the trustee and purchaser were both guilty of a fraud in the transfer.   We do not hesitate to agree with that Court, that the conveyance passed the legal title to the estate, and that it did not devolve upon

Reece v. Allen.

the purchaser to show the trustee in making the sale, had complied with the conditions specified in the trust deed. If the grantee took the title in fraud of the rights of any of the parties, a Court of Chancery, within whose peculiar jurisdiction such questions are, would either set aside the sale, or treat him as trustee and compel him to perform the trust. Hill on Trustees, 175, 188. A Court of Law may, indeed, investigate some questions of fraud, and when proved, treat a deed as a nullity, and conveying no title, as where a party was induced to execute a deed, supposing it was another paper, but in general it will not go behind the naked legal title, and inquire where the equities are. Even in case of a naked trustee, the law is so strenuous for the legal title, that it enables the trustee to recover in ejectment against the *cestui que trust*. *Read* v. *Read*, 8 Tenn. 118; *Beach* v. *Beach*, 14 Vermont, 28. This is not like the execution of a naked power by an agent or attorney, and the authorities cited in such cases do not apply.

These are the only questions argued, and upon which a decision is desired, and we are of opinion that these were properly decided by the Circuit Court.

It is admitted that the judgment must be reversed, because the plaintiff did not show that the defendant below was in possession, claiming under the grantees in the trust deed.

The judgment of the Circuit Court is reversed with costs, and the cause remanded.

*Judgment reversed.*